UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     LINDA J. LANE | ) | CASE NO.  17-32237(1)(13) |
| | ) | |
|                           Debtor | ) | |
| | ) | |
|     LINDA J. LANE | ) | A. P. No.  19-03003 |
| | ) | |
|                           Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|     SARAH DEAN, et al. | ) | |
| | ) | |
|                           Defendant (s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Contempt or Sanctions Against Sarah Dean and Kevin Dean ("Deans") filed by Plaintiff Linda J. Lane ("Debtor").  The Court considered the Plaintiff's Motion for Contempt or Sanctions, the Response to the Motion for Contempt or Sanctions filed by Sarah and Kevin Dean and the comments of counsel for the Debtor and Sarah Dean at the hearing held on the matter.  For the following reasons, the Court will **GRANT** the Debtor's Motion for Contempt or Sanctions.

**FACTUAL BACKGROUND**

While proceeding with discovery in this case, the Debtor requested and received from this Court an Order authorizing the Debtor to take the Deans' depositions at the United States Federal

Courthouse on May 14, 2019 at 10:00 a.m.  The Order granting the Debtor's Motion was entered herein on April 12, 2019.[1]

On April 29, 2019, Sarah Dean sent an email to counsel for the Debtor indicating that her husband would not be available to attend the deposition on May 14 due to a scheduling conflict and that they would be unavailable until after May 17, 2019.

On May 6, 2019, counsel for the Debtor responded to the Deans by agreeing to reschedule their depositions and requested that the Deans provide a date that would be convenient for them during the week of May 20, 2019.  Debtor's counsel received no response to this email.  Therefore, counsel sent another email on May 9, 2019 providing three dates: May 20, May 21 and May 24 for the Deans to schedule their depositions.  On May 10, 2019, Mrs. Dean responded to counsel for the Debtor by email indicating that her husband worked out of town and that he would have to speak with his superiors as to which dates he would be available for the deposition.  The Deans did not follow up with Debtor's counsel after Mrs. Dean's May 10, 2019 response.

Having received no communication from the Deans on acceptable deposition dates, Debtor's counsel raised the issue at a hearing held on May 20, 2019.  Again, when asked by the Court to provide a date for the taking of their depositions, Ms. Dean refused to provide any such date.

On May 28, 2019, the parties appeared before the Court for a pretrial conference.  Once again, Debtor's counsel raised the issue of scheduling the Deans' depositions and the Court once again asked the Deans when they could attend the ordered deposition.  As set forth in the Court's Order of June 5, 2019, Mrs. Dean became uncooperative, disrespectful and directed scurrilous

---

[1] The Court incorporates verbatim the factual background section of the Debtor's Motion for Contempt regarding the extensive litigation between the parties prior to this Motion.

allegations toward Debtor's counsel and the Court. Based on this conduct, the Court concluded the hearing. Debtor's counsel then filed the Motion for Contempt currently before the Court.

## **LEGAL ANALYSIS**

In order to prevail on a motion for civil contempt, three elements must be established by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which they are said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite. *In re Settembre*, 425 B.R. 423, 434 (Bankr. W.D. Ky. 2010).

There is little doubt that the Debtor has established all three of the required elements by clear and convincing evidence. The Deans (1) clearly had knowledge of this Court's Order requiring them to appear for their deposition; (2) the Deans did, in fact, violate this Order despite Debtor's counsel's efforts to accommodate their schedule; and (3) the Order violated was specific and definite. This Court has little trouble finding that the Deans' actions were willful and specifically violated this Court's Order. The Deans' contemptuous behavior occurred before this Court at a hearing held on May 28, 2019.

The Deans have proceeded without legal counsel at their own peril throughout these proceedings. The deposition of a party is a fundamental right in an adversary proceeding and it is unusual for a party to engage in such a manner as the Deans have with respect to the scheduling of their depositions. Their actions have needlessly increased Debtor's counsel's attorneys' fees as well as taking up an inordinate amount of time on this Court's docket. This Court tried twice to have the parties work out an agreeable date for the scheduled depositions. Despite the original Order requiring the deposition and the Court ordering the Deans to provide dates that were convenient for

their schedules, the Deans willfully failed to comply with these Orders. Therefore, the Court will issue a sanction in the amount of $5,000 to be paid by the Deans within thirty (30) days of the entry of the accompanying Order. The Deans may purge themselves of contempt by contacting Debtor's counsel immediately and scheduling a deposition at Debtor's counsel's convenience. Failure of the Deans to have the deposition rescheduled within five (5) days of the entry of this Order will result in a final Order requiring payment of the $5,000 sanction.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order granting the Debtor's Motion for Sanctions based on the Deans' contemptuous activity in failing to comply with this Court's Order requiring them to appear for their depositions.

*Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 23, 2019

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     LINDA J. LANE | ) | CASE NO.  17-32237(1)(13) |
| | ) | |
| Debtor | ) | |
| | ) | |
|     LINDA J. LANE | ) | A. P. No.  19-03003 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|     SARAH DEAN, et al. | ) | |
| | ) | |
| Defendant (s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendants Sarah Dean and Kevin Dean are hereby held in contempt of court for failure to comply with the Court's Order of April 12, 2019 by failing to appear for their depositions scheduled for May 14, 2019; and their repeated failure when questioned directly by the Court to provide a date upon which they would be deposed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Sarah Dean and Kevin Dean are to pay a sanction of $5,000 as a monetary sanction for the contemptuous actions of Sarah Dean and Kevin Dean.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Sarah Dean and Kevin Dean may purge themselves of their contempt, and thereby cause the coercive monetary sanction

imposed by the Court to be vacated, if they submit to a deposition at the Gene Snyder U.S. Courthouse on a date to be provided by Debtor's counsel within five (5) days of the date of this Order.

                                                   Joan A. Lloyd
                                                   United States Bankruptcy Judge
                                                   Dated: July 23, 2019